The Honorable Tim Hutchinson State Representative Box 933 Bentonville, Arkansas 72712
Dear Representative Hutchinson:
This is in response to your request for an opinion regarding House Bill 1032, the proposed Arkansas Code of Public Ethics. This bill, a copy of which is attached hereto, proposes to establish the Arkansas Ethics Commission under Arkansas Code of 1987 Annotated 21-8-201(a). Your specific question involves 21-8-210(b) which would state in pertinent part as follows:
 The Commission shall be composed of five (5) members. Three (3) members shall be appointed by the Governor, subject to confirmation by the Senate. One (1) member shall be appointed by the President Pro Tempore of the Senate of the Arkansas General Assembly and one (1) member shall be appointed by the Speaker of the House of Representatives of the Arkansas General Assembly.
You have asked the following question in this regard:
 Does the appointment of commission members by the Governor, Speaker of the House, and the President Pro Tempore of the Senate violate the requirement of Article 4, Section 2 of the Constitution of Arkansas that government be divided into three distinct branches?
It is my opinion that the answer to this question is no. Article4, Section 2 of the Arkansas Constitution embodies the separation of powers" concept which provides, in essence, that neither of the three (3) separate branches of government is subordinate to the other and neither can exercise any control over either one of the others in matters which have been confided by the Constitution to such other department. Wells v. Purcell, 267 Ark. 456, 592 S.W.2d 100
(1979). It must also be recognized, however, that the Constitution of Arkansas is a limitation of power, not a grant of power. Thus, it has been stated that the General Assembly is the repository of all powers of the sovereignty not relinquished to the federal government, prohibited by the State Constitution, or reposed in one of the other branches. Wells v. Purcell, supra; Rockefeller v. Hogue, 244 Ark. 1029, 429 S.W.2d 85 (1968). The Arkansas Supreme Court has also stated, with respect to the separation of powers principle, that courts should in all cases uphold a legislative enactment unless there is an express or necessarily implied constitutional limitation of the legislative power. Newton v. Edwards, 203 Ark. 18, 23, 155 S.W.2d 591 (1941).
It must therefore be determined, in response to your specific question, whether the Constitution reflects either an express or implied limitation upon the power of the Legislature to determine the method of selecting the members of a commission such as the Arkansas Ethics Commission.
The case of Cox v. State, 72 Ark. 94, 78 S.W. 756 (1904) offers significant guidance in resolving this issue. The Arkansas Supreme Court in that case was faced with an act creating a board to be known as the "State Capitol Commission," with the members to be elected by Senate and House of Representatives. The Governor, acting on the theory that the Legislature had no power to make such a selection and that the power to appoint the board members was vested in him, made his own appointments which were then challenged.
The Court first addressed the power of the Legislature to make appointments to office, concluding that the Legislature has such power unless it is restricted by the Constitution either expressly or by implication. 72 Ark. Annotated 97 (citations omitted). The Court noted, following its review of several constitutional provisions, that ". . . . . the provided for, exercise the appointing power." Id. Annotated 99. The Court continued by stating:
 It is also plain, we think, that the Governor has no inherent power, by virtue of his position as chief executive of the state, to make these appointments. If he has such power, it must be because the Constitution has conferred it upon him, and thus, inferentially at least, forbidden the Legislature to make them.
Id. The Court then determined that the Governor's power under several constitutional provisions to fill vacancies in office (which provisions, the Court pointed out, refer only to elective office), did not affect the Legislature's power to make appointment to the board in question, a board which was created for a special purpose and whose members were not elected. Id. at 99-100. The Court concluded:
 The method of selecting the members of such boards is a matter to be determined by the Legislature, which can leave it to the Governor to make appointments, or can, if deemed safe, make them itself.
Id. at 100.
The Court has indicated in Cox v. State that the Legislature has the power to determine by whom certain appointments will be made, subject to potential constitutional limitations. This case has been cited in subsequent cases which, rather than limiting the application of the doctrine set out in that decision, recognize it as correct. See, e.g., Davis v. Wilson, 183 Ark. 271, 35 S.W.2d 1020
(1931); Oates v. Rogers, 201, Ark. 335, 144 S.W.2d 457
(1940); Fulkerson v. Refunding Board, 201 Ark. 957, 147 S.W.2d 980
(1941).
The applicability of this doctrine to the proposed method of appointment under the Arkansas Code of Ethics seems clear. The Legislature may determine the mode of selecting members to a Commission such as this which is created for a special purpose and whose members are not elected. It should also be noted that the Legislature's exercise of its power of appointment in this instance does not conflict with the executive's constitutional power to fill vacancies. Nor are we aware of any constitutional limitation upon the Legislature's decision to, as state in Cox v. State, 72 Ark. at 100, "leave it to the Governor to make appointments" in conjunction with appointments to be made by the President Pro Tempore of the Senate and Speaker of the House. It is significant to note in this regard that the Supreme Court of Kentucky has specifically upheld the authorization of the Speaker of the House of President of the Senate to appoint particular inferior officers. Craig v. O'Rear, 199 Ky. 553, 251 S.W. 828
(1923). While this decision was based upon a constitutional provision authorizing the Legislature to determine by whom such appointments may be made, the ruling in Cox v. State indicates that the Arkansas General Assembly does have this authority.
It is therefore my opinion, based upon the foregoing, that the proposed appointment of the Arkansas Ethics Commission members by the Governor, Speaker of the House, and President Pro Tempore of the Senate does not violate Article 4, Section 2 of the Constitution of Arkansas.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.